ACCEPTED
14-15-00003-CV
FOURTEENTH COURT OF APPEALS
HOUSTON, TEXAS
1/20/2015 3:14:04 PM
CHRISTOPHER PRINE
CLERK

No. 14-15-00003-CV

IN THE COURT OF APPEALS OF TEXAS
FOURTEENTH DISTRICT
HOUSTON

FILED IN
14th COURT OF APPEALS
HOUSTON, TEXAS
1/20/2015 3:14:04 PM
CHRISTOPHER A. PRINE
Clerk

IN RE: FH PARTNERS, LLC, Relator

*Petition for Writ of Mandamus from the 113th District Court*
*Trial Court Cause No. 2008-60397*
*the Honorable Michael Landrum presiding*

_____

## GUS H. COMISKEY III's RESPONSE TO RELATOR'S MOTION TO STAY PROCEEDINGS IN TRIAL COURT

_____

John H. McFarland
Texas State Bar No. 00794270
Direct Dial: 713.222.1114
jmcfarland@jmmllp.com
JOYCE, MCFARLAND + MCFARLAND LLP
712 Main Street, Suite 1500
Houston, Texas 77002
Facsimile: 713.513.5577

**ATTORNEYS FOR REAL PARTY IN
INTEREST GUS H. COMISKEY III
A/K/A TREY COMISKEY**

## RESPONSE TO RELATOR'S MOTION TO STAY
## PROCEEDINGS IN TRIAL COURT

Real Party in Interest Gus H. Comiskey III aka Trey Comiskey requests that the Court deny the motion for stay filed by Relator FH Partners, LLC. Rule 52.10 of the Texas Rules of Appellate Procedure controls:

> (a) Motion for Temporary Relief; Certificate of Compliance. The relator may file a motion to stay any underlying proceedings or for any other temporary relief pending the court's action on the petition. The relator must notify or make a diligent effort to notify all parties by expedited means (such as by telephone or fax) that a motion for temporary relief has been or will be filed and must certify to the court that the relator has complied with this paragraph before temporary relief will be granted.

> (b) Grant of Temporary Relief. The court--on motion of any party or on its own initiative--may without notice grant any just relief pending the court's action on the petition. As a condition of granting temporary relief, the court may require a bond to protect the parties who will be affected by the relief. Unless vacated or modified, an order granting temporary relief is effective until the case is finally decided.

These sorts of motions are routinely granted. But FH's petition for mandamus addresses an order the trial court entered on September 29, 2014. FH waited over three months to challenge the order. Further, the trial court set trial for March 30, 2015. A stay would necessarily delay trial of this

almost seven year-old case. The Court should not permit FH to delay trial by delaying its challenge to the trial court's September 29, 2014 order.

Further, Comiskey incorporates the arguments presented by their response to the Amended Petition for Mandamus. The Court should deny FH's motion as moot.

PRAYER

WHEREFORE, Real Party in Interest Gus H. Comiskey III aka Trey Comiskey request that the Court deny the motion for stay filed by Relator FH Partners, LLC.

Respectfully submitted,

JOYCE, MCFARLAND + MCFARLAND LLP

*/s/ John H. McFarland*
John H. McFarland
Texas State Bar No. 00794270
Direct Dial: 713.222.1114
jmcfarland@jmmllp.com
712 Main Street, Suite 1500
Houston, Texas 77002
Telephone: 713.222.1112
Facsimile: 713.513.5577

**ATTORNEYS FOR REAL PARTIES IN INTEREST GUS H. COMISKEY III A/K/A TREY COMISKEY**

# CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing document has been forwarded in the manner indicated, as prescribed by the Texas Rules of Appellate Procedure, on January 20, 2015, to:

R. Scott Williams
Law Offices of Scott Williams
6150 Richmond Avenue, Suite 118
Houston, Texas 77057
Phone: 713.785.0000
Fax: 713.785.0078
Email: rswillatty@aol.com


*/s/ John H. McFarland*
John H. McFarland